UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| CHRISTOPHER S. BROWN | NO.: 12-00083-BAJ-SCR |

### SANCTIONS ORDER

**I.** **Background**

On October 26, 2012, non-party Sharonda Franklin ("Franklin") filed a Motion to Release Bond (Doc. 46), seeking an order from this Court releasing the $2,500.00 bond she paid on behalf of Defendant Christopher S. Brown ("Brown") to her.[1] Franklin contended that she requested the attorneys at the law firm of Martin E. Reagan, Jr. & Associates, PLC file a motion to release the bond several times, but that they failed to file the requested motion or return her phone calls.

Accordingly, the Court issued an order requiring counsel for Brown to file a memorandum in response to Franklin's motion no later than Tuesday, November 13, 2012. (Doc. 47.) However, counsel failed to file a memorandum in compliance with the Court's order, nor did counsel seek an extension of time by which to comply with the Court's order.

As a result, the Court issued an Order to Show Cause (Doc. 48), requiring counsel for Brown to show cause, in writing, no later than November 26, 2012, as to why the Court should not issue sanctions against them for their failure to comply with this Court's October 30, 2012 order. However, once again, counsel failed to comply with this Court's order, nor did counsel seek an extension of time by which to do so.

---

[1] Franklin's motion was granted by the Court on November 26, 2012. (Doc. 51.)

Instead, counsel filed a Motion & Memorandum to Release Bond (Doc. 49), which was subsequently denied as moot (Doc. 51). Counsel's motion did not address their failure to comply with this Court's October 30, 2012 order, nor did address why the Court should not issue sanctions against them for their failure to comply with this Court's October 30, 2012 order.

In response, the Court issued another Order to Show Cause (Doc. 52), requiring counsel for Brown to appear before the Court to show cause as to why sanctions should not be imposed against them for their failure to comply with this Court's October 30, 2012 order (Doc. 47), and the November 19, 2012 Order to Show Cause (Doc. 48).

Seven (7) days later, counsel for Brown filed a Motion & Memorandum in Answer to Show Cause Order. (Doc. 53.) According to counsel, "[a]t no time did counsels [sic] intend to disrespect this court or intentionally ignore the Orders of this Honorable Court." (Doc. 53, p. 1.) Counsel further claimed that they were "in contact with Ms. Franklin at all times . . . " (Doc. 53, p. 1.) Counsel contended, however, that a breakdown in communication occurred, in part, because of Franklin's failure to pay fees owed prior to her filing for Chapter 7 Bankruptcy. (Doc. 53, p. 1.) This motion failed to address, however, why counsel did not comply with this Court's October 30, 2012 order (Doc. 47), or the November 19, 2012 Order to Show Cause (Doc. 48).

## II.   Standard of Review

It is well settled under Fifth Circuit law that "the inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Flaska v. Little River Marine Constr.*, 389 F.2d 885, 888-9 (5th Cir. 1968), *cert. denied*, 392 U.S. 928 (1968). *See also Ex Parte Bradley*, 74 U.S. 364

(1869) ("We do not doubt the power of the court to punish attorneys as officers of the same, for misbehavior in practice of the profession. This power has been recognized and enforced ever since the organization of courts, and the admission of attorneys to practice therein."). Accordingly, courts may impose civil sanctions on attorneys for misconduct under their inherent powers. *USA v. Cleveland*, No. 96-207, 1997 U.S. Dist. LEXIS 13125, at *10 (E.D. La. Aug. 27, 1997).

In *Carroll v. The Jaques Admiralty Law Firm*, 110 F.3d 290 (5th Cir. 1997), the Fifth Circuit affirmed the district court's imposition of sanctions under its inherent powers. The Court further stated that courts in the Fifth Circuit

> adhere to the well established doctrine that an attorney, after being admitted to the practice, becomes an officer of the court, exercising a privilege or franchise. As officers of the court, attorneys owe a duty to the court that far exceeds that of lay citizens. . . .

*Id.* at 293-94 (quotations and citations omitted).

While the threshold for the use of inherent power sanctions is high, *Dawson v. United States*, 68 F.3d 886, 895 (5th Cir. 1995), the Court finds that the behavior exhibited by counsel in this instance justifies the imposition of sanctions. *Id.*

### III. <u>Analysis</u>

During the hearing on the matter, Mr. John H. Thomas[2] ("Thomas") of the law firm of Martin E. Reagan, Jr. & Associates, PLC conceded that he, Mr. Martin R. Regan, Jr. ("Martin"), and their paralegal all received notice of the October 30, 2012 order, and the November 19, 2012 Order to Show Cause (Doc. 48). The Court informed Thomas that his, and Mr. Martin's,

---

[2] On the day of the hearing, counsel for Brown filed a Memorandum of Notice (Doc. 63), in which they informed the Court that Thomas would appear on behalf of the law firm, but that Regan would not appear because of an emergency writ to the Louisiana 5th Circuit Court of Appeal.

failure to comply with two (2) orders of this Court, including an Order to Show Cause, was unacceptable. Based on counsel for Brown's repeated failure to comply with orders of this Court, the Court ordered counsel to pay monetary sanctions to the Clerk of Court in the amount of $500.00 within ten (10) days. The Court further informed Thomas that failure to comply with the Court's orders in the future will result in more severe sanctions.

IV.  **Conclusion**

Accordingly,

**IT IS ORDERED** that the law firm of Martin E. Reagan, Jr. & Associates, PLC pay to the Clerk of Court monetary sanctions, in the amount of $500.00 **no later than Friday, February 8, 2013**.

Baton Rouge, Louisiana, this 30th day of January 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**